UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| K.G., *et al.*, | ) |
| Plaintiffs, | ) Case No. |
| | ) 5:18-cv-555-JMH |
| v. | ) |
| | ) **MEMORANDUM OPINION** |
| BOARD OF EDUCATION OF WOODFORD | ) **AND ORDER** |
| COUNTY, KENTUCKTY, et al., | ) |
| | ) |
| Defendants. | ) |

\*\*\*

Defendant, Board of Education of Woodford County, Kentucky, ("the Board") moves this Court for judgment on the pleadings as to the plaintiffs, K.G. and M.G. ("the Plaintiffs"), claims against Defendant J.C.S. in his official capacity. [DE 29]. On August 16, 2019, the Plaintiffs filed their response in opposition to the Board's motion. [DE 33]. The Board has replied in support of its motion. [DE 34]. As a result, this matter is now ripe for review. The Court having considered the motion, and being otherwise sufficiently advised, **IT IS ORDERED** that the Board's motion, [DE 29], is, and hereby shall be, **GRANTED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On October 2, 2018, John and Jane Doe, on behalf of K.G. and M.G., filed this action against the Board of Education of Woodford County, Kentucky and J.C.S., individually and in his official capacity. [DE 1]. The Plaintiffs claim J.C.S., a thirty (30)

year old, then-choir teacher at Woodford County High School engaged in prurient and unlawful contact with K.G. and M.G. both on and off the campus of Woodford County High School. [DE 1 at 2, PageID #2, ¶¶ 1-2]. Plaintiffs allege this activity included unlawful sexual touching and written, verbal, and electronic communications of a sexual and abusive nature. [*Id*. at ¶ 1]. The Plaintiffs further claim that the Board of Education had actual or constructive knowledge of this conduct as early as March 2018, but failed to act in a manner that guaranteed the safety and security of K.G. and M.G. [*Id*. at ¶ 3].

In August 2018, the Plaintiffs allege that K.G. was assigned as a "teacher's aid" during J.C.S.'s planning period, despite the Board having received a formal complaint about J.C.S.'s behavior. [DE 1 at 2-3, PageID #2-3, ¶ 4]. On August 10, 2018, K.G. allegedly reported to J.C.S's office, where J.C.S. proceeded to lock his door and made a lewd and inappropriate comment of a sexual nature to K.G. [*Id*. at 3, PageID #3, ¶ 5]. Plaintiffs allege that four (4) days later, K.G. returned to the office for her scheduled planning period block with her cellular device and recorded conversations, which include J.C.S.'s insistence that K.G. reveal her private parts to J.C.S. [*Id*.].

Upon learning of the recording, the Board allegedly seized K.G.'s personal cellular device and detained K.G., stating that she was not permitted to leave until after she had provided a

written statement about J.C.S's conduct. [DE 1 at 3, PageID #3, ¶ 6]. On August 20, 2018, J.C.S. resigned. [*Id*. at ¶ 7].

Plaintiffs claim they have suffered irreparable and lasting injuries as a result of both the Board's and J.C.S.'s conduct. [*Id*. at ¶ 8]. As a result, Plaintiffs make seven (7) claims as to the Board and to J.C.S. in both his individual and official capacity. [DE 1]. In particular, Plaintiffs brings claims for (1) sexual harassment in violation Title IX, [*id*. at 26-28, PageID #26-28, ¶¶ 158-174]; (2) retaliation in violation of Title IX, [*id*. at 28-30, PageID# 28-30, ¶¶ 175-191]; (3) a deprivation of rights under the Fourth and Fourteenth Amendments pursuant to 42 U.S.C. § 1983, [*id*. at 30-31, PageID #30-31, ¶¶ 192-200]; (4) violation of KRS 446.070, [*id*. at 32, PageID #32, ¶¶ 201-208]; (5) intentional infliction of emotion distress, [*id*. at 33, PageID #33, ¶¶ 184-191]; (6) civil battery, [*id*. at 33-34, PageID #33-34, ¶¶ 192-196]; and (7) false imprisonment. [*Id*. at 34-35, PageID #34-35, ¶¶ 197-200].

The Plaintiffs seek judgment on all claims as well as actual, compensatory losses. [DE 1]. In addition to actual, compensatory loses, the Plaintiff also seek punitive damages on their § 1983 claim, [*id*. at 31, PageID #31], and reasonable attorneys' fees and costs on its claim under KRS 446.070. [*Id*. at 32, PageID #32].

Defendant, Board of Education of Woodford County, Kentucky, ("the Board") moves this Court for judgment on the pleadings as to

3

the plaintiffs, K.G. and M.G. ("the Plaintiffs"), claims against Defendant J.C.S. in his official capacity. [DE 29]. On August 16, 2019, the Plaintiffs filed their response in opposition to the Board's motion. [DE 33]. The Board has replied in support of its motion. [DE 34].

## II. LEGAL STANDARD

A motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) is reviewed under the same standard as a motion to dismiss under 12(b)(6). *Coley v. Lucas Cnty.*, 799 F.3d 530, 536-37 (6th Cir. 2015); *see also Florida Power Corp. v. FirstEnergy Corp.*, 810 F.3d 996, 999 (6th Cir. 2015). A complaint in federal court must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A motion to dismiss under either Fed. R. Civ. P. 12(b)(6) or (c) tests the sufficiency of the plaintiff's complaint. The Court views the complaint in the light most favorable to the plaintiff and must accept as true all well-pleaded factual allegations contained within it. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). All reasonable inferences are drawn in favor of the plaintiffs. *See Coley v. Lucas Cnty.*, 799 F.3d 530, 537 (6th Cir. 2015). Although a court must accept as true all well-pleaded

4

factual allegations, they need not accept legal conclusions as true. *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937 (citing T*wombly*, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that a defendant is liable for the misconduct alleged." *Id*. The "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955. Where a complaint does not state facts sufficient to state a claim, the claims must be dismissed. *Twombly*, 555 U.S. at 570, 129 S.Ct. 1187.

### III. ANALYSIS

The Board of Education seeks dismissal of all of the Plaintiffs' official claims against J.C.S. [DE 29 at 1, PageID #183]. The Board states that Plaintiffs' allegations against J.C.S. in his official capacity arise solely from his tenure as a choir teacher at Woodford County High School. [*Id*. at 2, PageID #184]. The Board argues that official capacity claims are the same as claims against the entity. [*Id*. at 2, PageID #184]. As a result, the Board argues that Plaintiffs' official capacity

5

claims against J.C.S. are "redundant of their claims against the Board... [,]" and should be dismissed. [*Id.*]. We agree.

Pursuant to *Kentucky v. Graham*, 473 U.S. 159 (1985), "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* at 166; *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003)) ("[I]ndividuals sued in their official capacities stand in the shoes of the entity they represent."); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) ("A suit against an individual in his official capacity is the equivalent of a suit against the governmental entity."). The result is the same under Kentucky law. *See Yanero v. Davis*, 65 S.W.3d 510 (Ky. 2001). In light of the holding in *Monell v. Department of Social Services of New York,* 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), which permits local governments to be sued directly for damages and injunctive or declaratory relief, "[t]here is no longer a need to bring official-capacity actions against local government officials." *Graham,* 473 U.S. at 167 n. 14, 105 S.Ct. 3099.

In the instant case, the Plaintiffs make allegations against the Board and against J.C.S "...in both his individual and official capacity." [DE 1 at 15, PageID #15, ¶ 60]. Thus, to the extent the Plaintiffs allege claims against J.C.S. in his official capacity, these claims are to be treated as claims against the Board. As a result, the Board is correct that the official

6

capacity claims against J.C.S. are redundant. [*Id*. at 2, PageID #184]. For that reasons, these claims are redundant and are dismissed. *C.A. ex rel. G.A. v. Morgan County Bd. Of Educ.*, 577 F. Supp. 2d 886, 890 (E.D. Ky. 2008).

The Plaintiffs disagree. [DE 33]. First, they argue that "the County has not identified which, if any, material issues of fact are undisputed – a prerequisite for entry of judgment as a matter of law." [*Id*.]. Next, the claim that the Board "...has not identified which specific claim(s) upon which it seeks entry [sic] judgment, rendering its Motion vague and procedurally deficient." [*Id*.]. Finally, the Plaintiffs argue that the Board motion is deficient because "not all claims against J.C.S. in his official capacity are duplicative as alleged..." [*Id*.].

Plaintiffs' arguments are easily dispensed with. First, Plaintiffs incorrectly argue that to prevail on its motion, the Board must first identify which factual issues are in dispute. [DE 33 at 2, PageID #202]. However, as the Board correctly notes, [DE 34 at 2, PageID #207], like a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), on a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), all of Plaintiffs' factual allegations are accepted as true. *Coley v. Lucas Cnty.*, 799 F.3d 530, 536-37 (6th Cir. 2015); *see also Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937; T*wombly*, 550 U.S. at 570, 127 S.Ct. 1955).

Second, Plaintiffs argue that the Board does not identify the claims on which it seeks judgment. [DE 33]. The record abundantly refutes this proposition. The Board's motion clearly states that it moves for dismissal on the Plaintiffs' official capacity claims asserted against J.C.S. [DE 29]. The Plaintiffs own response concedes this in the very first sentence, stating "Defendant Board of Education of Woodford County, Kentucky...moves unilaterally for judgment on *'all' claims against Defendant J.C.S. in his official capacity*." [DE 33 at 1, PageID #201]. Thus, Plaintiffs' argument is without merit.

Third, Plaintiffs argue that the Board's motion is deficient because "not all claims against J.C.S. in his official capacity are duplicative as alleged..." [DE 33 at 1, PageID #201]. In particular, the Plaintiffs state that it has seven (7) total claims, five (5) of which are against the Board and J.C.S., in his individual and official capacity, and two (2) of which (Counts V and VI) are only against J.C.S. [*Id*. at 2, PageID #202].

This argument also fails. Plaintiffs' counsel fails to acknowledge that Counts V (Intentional Infliction of Emotional Distress) and VI (Civil Battery) are alleged against J.C.S. in both his individual and official capacities. [DE 1 at 33-34, PageID #33-34, ¶ 185, 193]. As stated above, the United States Supreme Court has held, "[a]n official-capacity suit is, in all respects other than name, to be treated as a suit against the

entity." *Graham*, 473 U.S. at 166. As a result, to the extent the Plaintiffs bring intentional infliction of emotional distress and civil batter claims against J.C.S. in his official capacity, they do so against the Board. Accordingly, these claims at to J.C.S. are redundant and should be dismissed.

Finally, Plaintiffs' counsel suggests that the Board's motion is "boilerplate," and based on a "sound bite" legal argument. [DE 34 at 3, PageID #203]. Plaintiffs' counsel further claims the Board's motion is "nothing more than a procedural card trick... ." [DE 34]. This Court is unimpressed with such hyperbole, and reminds Plaintiffs' counsel that it does not deal in "procedural card tricks" or "soundbites," but in legal argument. *See* Joint Local Rule of Civil Practice 7.1(a). Thus, for the edification of Plaintiffs' counsel, the Court suggests they read the entirety of *Kentucky v. Graham*, 473 U.S. 159 (1985). Therein, counsel will find the legal grounds on which the Board's motion is based, [DE 29 at 2, PageID #184], and on which said motion is **GRANTED**.

## IV. CONCLUSION

For the reasons stated above, **IT IS ORDERED** as follows:

1) that the Board's motion for judgment on the pleadings as to the Plaintiffs' claims against Defendant J.C.S. in his official capacity, [DE 29], is, and hereby shall be, **GRANTED;** and

2) That the Plaintiffs' claims against J.C.S. in his official capacity **SHALL** be **DISMISSED.**

9

This the 3rd day of September, 2019.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge