UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| K.G., *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. |
| | ) | 5:18-cv-555-JMH |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| BOARD OF EDUCATION OF WOODFORD | ) | **AND ORDER** |
| COUNTY, KENTUCKTY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

\*\*\*

Defendant, Board of Education of Woodford County, Kentucky, ("the Board") moves this Court, pursuant to Fed. R. Civ. P. 10(a), for an Order for Plaintiff, K.G., and, Defendant, J.C.S., to cease appearing anonymously. [DE 32]. On September 4, 2019, the Plaintiffs filed their response in opposition to the Board's motion. [DE 36]. The Board has replied in support of its motion. [DE 38]. J.C.S. did not respond to the Motion. As a result, this matter is now ripe for review. The Court having considered the motion, and being otherwise sufficiently advised, **IT IS ORDERED** that the Board's motion, [DE 32], is, and hereby shall be, **DENIED IN PART** and **GRANTED IN PART.**

### I. FACTUAL AND PROCEDURAL BACKGROUND

On October 2, 2018, John and Jane Doe, on behalf of K.G. and M.G., filed this action against the Board of Education of Woodford County, Kentucky and J.C.S., individually and in his official

capacity. [DE 1]. K.G. and M.G. were minor children at the time the events underlying this action took place and at the time this action was filed. [*Id.* at 2, PageID #2, ¶ 1].

The Plaintiffs claim J.C.S., a thirty (30) year old, then-choir teacher at Woodford County High School engaged in prurient and unlawful contact with K.G. and M.G. both on and off the campus of Woodford County High School. [DE 1 at 2, PageID #2, ¶¶ 1-2]. Plaintiffs allege this activity included unlawful sexual touching and written, verbal, and electronic communications of a sexual and abusive nature. [*Id.* at ¶ 1]. The Plaintiffs further claim that the Board of Education had actual or constructive knowledge of this conduct as early as March 2018, but failed to act in a manner that guaranteed the safety and security of K.G. and M.G. [*Id.* at ¶ 3].

In August 2018, the Plaintiffs allege that K.G. was assigned as a "teacher's aid" during J.C.S.'s planning period, despite the Board having received a formal complaint about J.C.S.'s behavior. [DE 1 at 2-3, PageID #2-3, ¶ 4]. On August 10, 2018, K.G. allegedly reported to J.C.S's office, where J.C.S. proceeded to lock his door and made a lewd and inappropriate comment of a sexual nature to K.G. [*Id.* at 3, PageID #3, ¶ 5]. Plaintiffs allege that four (4) days later, K.G. returned to the office for her scheduled planning period block with her cellular device and recorded

2

conversations, which allegedly include J.C.S.'s insistence that K.G. reveal her private parts to J.C.S. [*Id.*].

Upon learning of the recording, the Board allegedly seized K.G.'s personal cellular device and detained K.G., stating that she was not permitted to leave until after she had provided a written statement about J.C.S's conduct. [DE 1 at 3, PageID #3, ¶ 6]. On August 20, 2018, J.C.S. resigned. [*Id.* at ¶ 7].

Plaintiffs claim they have suffered irreparable and lasting injuries as a result of both the Board's and J.C.S.'s conduct. [*Id.* at ¶ 8]. As a result, Plaintiffs make seven (7) claims as to the Board and to J.C.S. in both his individual and official capacity. [DE 1]. In particular, they brought claims for (1) sexual harassment in violation Title IX, [*id.* at 26-28, PageID #26-28, ¶¶ 158-174]; (2) retaliation in violation of Title IX, [*id.* at 28-30, PageID# 28-30, ¶¶ 175-191]; (3) a deprivation of rights under the Fourth and Fourteenth Amendments pursuant to 42 U.S.C. § 1983, [*id.* at 30-31, PageID #30-31, ¶¶ 192-200]; (4) violation of KRS 446.070, [*id.* at 32, PageID #32, ¶¶ 201-208]; (5) intentional infliction of emotion distress, [*id.* at 33, PageID #33, ¶¶ 184-191]; (6) civil battery, [*id.* at 33-34, PageID #33-34, ¶¶ 192-196]; and (7) false imprisonment. [*Id.* at 34-35, PageID #34-35, ¶¶ 197-200].

The Plaintiffs seek judgment on all claims as well as actual, compensatory losses. [DE 1]. In addition to actual, compensatory

loses, the Plaintiffs also seek punitive damages on their § 1983 claim, [*id*. at 31, PageID #31], and reasonable attorneys' fees and costs on its claim under KRS 446.070. [*Id*. at 32, PageID #32].

Defendant, Board of Education of Woodford County, Kentucky, ("the Board") now moves this Court for K.G. and J.C.S. to cease appearing anonymously in this action. [DE 32]. The Plaintiffs, K.G. and M.G. responded in opposition to the Board's motion. [DE 36]. The Board replied in support of its motion. [DE 38]. The Defendant J.C.S. has not responded to the Board's motion.

## II. ANALYSIS

### A. Board's Motion for K.G. to Cease Appearing Anonymously is Denied.

The Board requests this Court remove the curtain of anonymity from K.G. in this action. [*Id*. at 1-2, PageID #191-92]. K.G. argues that proceeding anonymously will protect her privacy interests as well as her minor sister's identity. We agree with K.G. and deny the Board's motion for K.G. to cease appearing anonymously in this action.

This Court has held "[g]enerally, a complaint must state the names of all parties." *Doe v. Harlan Cnty. Indep. Sch. Dist.*, 96 F. Supp.2d 667, 671 (E.D. Ky. 2000)(citing Fed. R. Civ. P. 10(a); *see also*, Fed. R. Civ. P. 17(a)(1). However, the Court may exempt a party from identifying herself in certain circumstances where the individual's "privacy interests substantially outweigh the

4

presumption of open judicial proceedings." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). Leave to proceed under pseudonyms is discretionary with the court. *Id*.

Thus Court "...may excuse plaintiffs from identifying themselves in certain circumstances[,]" *Porter*, 370 F.3d at 560, but must consider the following factors: (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information "of the utmost intimacy"; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children. *Id*. (citing *Doe v. Stegall,* 653 F.2d 180, 185-86 (5th Cir. 1981)).

In the instant case, the Board argues that the factors outlined in *Porter*, do not weigh in favor of K.G.'s continued anonymity. *Porter*, 370 F.3d at 560 (citing *Stegall,* 653 F.2d at 185-86). In support of its argument, the Board relies primarily on *Rose*.

In *Rose*, a female high school graduate sued the school district and individuals, claiming she was forced to engage in oral sex with male athletes who were members of club. *See Rose v. Beaumont Indep. School Dist.*, 240 F.R.D. 264 (E.D. Texas 2007). The plaintiff moved the court for leave to continue using the fictitious name under which the case was brought, and the several

5

defendants moved to require plaintiff to use her real name. *Id*. The *Rose* Court ultimately held that graduate would be required to proceed under her real name. *Id*. at 269.

The Board now urges this Court to reach the same conclusion with respect to K.G. After analyzing the factors below, we decline to do so.

 **1. Challenge to Governmental Activity.**

Under *Porter*, the first factor we must consider is whether K.G. is suing to challenge governmental activity. 370 F.3d at 560 (internal citation omitted). In the instant suit, the Plaintiffs bring claims against the Board and J.C.S. [DE 1].

The Board is, of course, a governmental entity. [DE 1]. However, some courts have noted that "[t]he simple fact that plaintiff sues a governmental entity does not give the court more reason to grant her request for anonymity." *Doe v. Pittsylvania Cty., Va.*, 844 F. Supp. 2d 724, 730 (W.D. Va. 2012). Moreover, courts are generally less likely to grant a plaintiff permission to proceed anonymously when the plaintiff sues a private individual than when the action is against a governmental entity "seeking to have a law or regulation declared invalid." *Doe v. Univ. of Pittsburgh*, Case No. 1:17-cv-213, 2018 WL 1312219, at *2 (W.D. Mich. March 14, 2018) (quoting *Doe v. Merten*, 219 F.R.D. 387, 394 (E.D. Va. 2004)). In the instant action, the Plaintiffs' claims the Board breached its duty under Title IX. [DE 1]. While this

6

such claims do not seek to have a law or regulation declared invalid, they directly challenge specific governmental activity.

The Board next argues that K.G. should be identified because J.C.S. is a named defendant and that the former school principal and former school resource officers are named in the complaint. [DE 32 at 2, PageID #192]. In doing so, the Board relies extensively on *Rose*.

The *Rose* court found the governmental activity factor weighed against anonymity where the plaintiff sued both the school district and individuals employed by the school district. *Rose*, 240 F.R.D. at 267. The *Rose* court found that the first factor weighed against the plaintiff's anonymity because the individual defendants had "... valid concerns regarding the impact of the case upon their individual reputations[.]" *Id*. at 267. Thus, the Board argues that "because individuals associated with the school district are named" this factor weighs against K.G.'s anonymity. [DE 32 at 2, PageID #192].

We disagree. The concerns regarding individual reputation that existed in *Rose* do not exist here. Here, the only individual defendant is J.C.S. [DE 1]. Unlike in *Rose*, J.C.S. does not complain about K.G.'s anonymity, nor has J.C.S. raised these kinds of reputation concerns. [*Id*.].

Nor does the mere identification of non-parties in the complaint weigh in favor of removing K.G.'s anonymity. It is true

7

that the Plaintiffs identify by name the former principal and the former school resource officer. [DE 1]. However, the Plaintiffs make assert no claims against these individuals. [*Id*.]. Nor have either of these individuals raised any reputational concerns, much less argued that K.G.'s anonymity should cease. Instead, the Board now attempts to assert these concerns on their behalf. As discussed below, the first factor weighs in favor of anonymity.

2. **This Action Involves Information of an Intimate Nature**.

Second, this suit forces Plaintiffs to reveal particularly sensitive information of sexual nature that could subject them to considerable harassment. [DE 1]; *see also*, *Porter*, 370 F.3d at 560. The Board concedes that "...K.G.'s claims concern allegations of sexual harassment[.]" [*Id*. at 3, PageID #193]. However, Board argues that sexual nature of the allegations in this case do not outweigh the presumption of open judicial proceedings. [*Id*.].

We disagree. There can be no question that this action will force Plaintiffs to reveal particularly sensitive information of a sexual nature. *Porter*, 370 F.3d at 560. The complaint itself details allegations of a sexual nature. [DE 1]. Thus, this factor weighs in favor of K.G.'s continued anonymity.

3. **This Litigation does not Compel Plaintiff to Disclose an Intention to Violate the Law.**

The third factor the Court must consider is "...whether the litigation compels the plaintiff to disclose an intention to

8

violate the law, thereby risking criminal prosecution." *Porter*, 370 F.3d at 560. Here, the Board argues that because K.G.'s claims "...do not involve any admission she engaged in illegal activity or that she will violate the law in the future[,]" the third factor weighs against K.G. [*Id*.]. The Board is correct. [DE 1]. As a result, this factor does, indeed, weigh against K.G.'s continued anonymity.

   **4.   K.G. was a Child at the Time this Action was Filed.**

The fourth factor the Court must consider is "whether the plaintiff is a child[.]" *See D.E. v. John Doe*, 843 F.3d 723, 728 (6th Cir. 2016) (citing *Porter*, 370 F.3d at 560)(internal citation omitted)). The Board argues that, because K.G. is no longer a minor, that the fourth factor weights against her anonymity. [*Id*.]. While K.G. may no longer be a minor, we disagree with the Board's conclusion.

K.G. was undoubtedly a minor at the time of the underlying events and at the time this suit was filed, [DE 1; DE 36 at 1, PageID #226], requiring them to redact their full names from the Complaint. *See* Fed. R. Civ. P. 5.2. While K.G. is now of majority age, M.G. is not. [DE 36 at 2, PageID #227]. In fact, M.G. is still a student at the school. [*Id*.].

The Board concedes this "...K.G. was a seventeen-year-old minor at the time of the underlying events ..." [DE 32 at 3, PageID #193]. While the Board states the K.G. is no longer a

9

minor, the Sixth Circuit has noted that the question is not just whether the child is currently minor, but whether they were "a child when he [or she] filed this lawsuit." *D.E. v. John Doe*, 843 F.3d at 728. Because K.G. was a minor at the time of the suit was filed, the fourth and final factor weigh in favor of her continued anonymity.

    5.    **Public Policy Favors K.G.'s Continued Anonymity.**

The Board argues that public policy and "fairness" should prohibit K.G. from proceeding anonymously against the Board and J.C.S. [DE 32 at 4, PageID #194]. In particular, the Board argues that K.G. has made serious allegations against the Board. [*Id*.]. Citing *Rose*, the Board implies that K.G. is hurling these accusations at it "from behind a cloak of anonymity." [*Id*.]. As a result, the Board argues it "should not be compelled to defend itself from these serious accusations in the public arena while K.G. proceeds anonymously." To do so, the Board claims, would be "unfair."

Plaintiffs disagree. They argue that if K.G. were to cease appearing anonymously, M.G., who is still a minor, would become readily identifiable to the entire community, which would "... undo the privacy protections afforded to [her] by Rule. 5.2(a)." [*Id*. at 2-3, PageID #226-27]. Plaintiffs further imply that forcing K.G. to identify herself would "deter other minor children from reporting unlawful activities..." As a result, Plaintiffs

10

argue that the Court should not force K.G. to identify both herself and her sister.

Like *Stegall* and *Porter*, this case was brought on behalf of children. The vulnerability of children is of special concern. *Endangered v. Louisville/Jefferson Cnty. Metro Government Dept. of Inspections*, Civ. Action No.: 3:06-cv-250-S, 2007 WL 509695, at *2 (W.D. Ky. Feb. 12, 2007). For that reason, we grant a heightened protection. *Stegall,* 653 F.2d at 186. ("The gravity of the danger posed by the threats of retaliation against the [plaintiffs] for filing this lawsuit must also be assessed in light of the special vulnerability of these child-plaintiffs.").

We agree with Plaintiffs. If K.G.'s identity were to become it is very likely that K.G.'s sister, M.G., who is still a minor, would also be identified. Such a result would negate the very purpose of Fed. R. Civ. P. 5.2(a). Thus, because of the heightened protection courts give to child plaintiffs, *id.*, we find that public policy favors allowing K.G. to proceed in this action anonymously.

As a result, we find that, taken together, the *Porter* factors and public policy concerns weigh in favor of K.G.'s continued anonymity. Thus, we deny the Board's motion to the extent it requests the Court require K.G. to cease appearing anonymously.

**B. Board's Motion for J.C.S. to Cease Appearing Anonymously is Granted.**

Likewise, the Board also requests the Court order its co-defendant, J.C.S. to cease appearing anonymously. [*Id*. at 1-2, PageID #191-92]. [*Id*.]. J.C.S. has failed to respond in opposition to the Board's motion within twenty-one (21) days. The language of Joint Local Rule of Civil Practice ("LR") 7.1(c) provides:

> ...Unless otherwise ordered by the Court, a party opposing a motion must file a response within 21 days of service of the motion. ***Failure to timely respond to a motion may be grounds for granting the motion*...**

(emphasis added).

Thus, J.C.S.'s lack of response may be grounds for this Court to grant the motion under local rules. *See* LR 7.1(c). Here, J.C.S. has failed to respond at all. Accordingly, J.S.C. has waived argument, and the Court will grant the Board's motion as to J.C.S. and order him to cease appearing anonymously in this action.

### III. CONCLUSION

For the reasons stated above, **IT IS ORDERED** as follows:

1) That the Board's motion, [DE 32], is, and hereby shall be, **DENIED IN PART** and **GRANTED IN PART**;

2) That to the extent the Board moves to have K.G. cease appearing anonymously, the motion is, and hereby shall be, **DENIED**; and

3) That to the extent the Board moves for co-Defendant, J.C.S., to cease appearing anonymously in this action, the motion is, and herby shall be, **GRANTED**.

This the 18th day of September, 2019.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge