UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| K.G., et al., | ) |
|     Plaintiffs, | ) Case No. |
| v. | ) 5:18-cv-555-JMH |
| | ) **MEMORANDUM** |
| WOODFORD COUNTY BOARD OF EDUCATION, et al., | ) **OPINION & ORDER** |
|     Defendants. | ) |

\*\*\*

Defendant J. Cooper Schrimsher ("Schrimsher"), individually, moves the Court for summary judgment on Counts I and II of Plaintiffs' Complaint. [DE 81]. The motion has been fully brief by the parties and is ripe for review. [DEs 81, 84]. For the reasons set forth herein, Schrimsher's Motion for Partial Summary Judgment [DE 81] is **GRANTED**.

    **I.**    **FACTUAL BACKGROUND & PROCEDURAL HISTORY**

On October 2, 2018, John and Jane Doe, on behalf of K.G. and M.G., filed this action against the Board of Education of Woodford County, Kentucky ("the Board") and Schrimsher, individually and in his official capacity. [DE 1]. K.G. and M.G. were minor children at the time the events underlying this action took place and at the time this action was filed. [*Id*. at 2].

The Plaintiffs claim Schrimsher, a thirty (30) year old, then-choir teacher at Woodford County High School engaged in prurient

1

and unlawful contact with K.G. and M.G. both on and off the campus of Woodford County High School. [DE 1 at 2]. Plaintiffs allege this activity included unlawful sexual touching and written, verbal, and electronic communications of a sexual and abusive nature. [*Id*. at ¶ 1]. The Plaintiffs further claim that the Board of Education had actual or constructive knowledge of this conduct as early as March 2018, but failed to act in a manner that guaranteed the safety and security of K.G. and M.G. [*Id*. at ¶ 3].

In August 2018, the Plaintiffs allege that K.G. was assigned as a "teacher's aid" during Schrimsher's planning period, despite the Board having received a formal complaint about Schrimsher's behavior. [DE 1 at 2-3]. On August 10, 2018, K.G. allegedly reported to Schrimsher's office, where Schrimsher proceeded to lock his door and made a lewd and inappropriate comment of a sexual nature to K.G. [*Id*. at 3]. Plaintiffs allege that four (4) days later, K.G. returned to the office for her scheduled planning period block with her cellular device and recorded conversations, which allegedly include Schrimsher's insistence that K.G. reveal her private parts to Schrimsher. [*Id*.].

Upon learning of the recording, the Board allegedly seized K.G.'s personal cellular device and detained K.G., stating that she was not permitted to leave until after she had provided a written statement about Schrimsher's conduct. [DE 1 at 3]. On August 20, 2018, Schrimsher resigned. [*Id*. at ¶ 7].

2

Plaintiffs claim they have suffered irreparable and lasting injuries as a result of both the Board's and Schrimsher's conduct. [*Id*. at ¶ 8]. As a result, Plaintiffs make seven (7) claims as to the Board and to Schrimsher in both his individual and official capacity. [DE 1]. In particular, they brought claims for (1) sexual harassment in violation Title IX, [*id*. at 26-28]; (2) retaliation in violation of Title IX, [*id*. at 28-30]; (3) a deprivation of rights under the Fourth and Fourteenth Amendments pursuant to 42 U.S.C. § 1983, [*id*. at 30-31]; (4) violation of KRS 446.070, [*id*. at 32]; (5) intentional infliction of emotion distress, [*id*. at 33]; (6) civil battery, [*id*. at 33-34]; and (7) false imprisonment. [*Id*. at 34-35]. The Plaintiffs seek judgment on all claims as well as actual, compensatory losses. [DE 1]. In addition to actual, compensatory loses, the Plaintiffs also seek punitive damages on their § 1983 claim, [*id*. at 31], and reasonable attorneys' fees and costs on its claim under KRS 446.070. [*Id*. at 32].

On September 3, 2019, this Court dismissed all claims against Schrimsher in his official capacity because the claims were the same as those raised against the Board. [DE 35]. As a result, the remaining claims raised by Plaintiffs are only those against the Board and Schrimsher in his individual capacity.

Defendant Schrimsher has since filed the instant motion for summary judgment, seeking dismissal of Counts I (discrimination and harassment under Title IX) and II (retaliation under Title

3

IX). [DE 81]. Shortly thereafter, Plaintiffs responded in opposition to Schrimsher's motion. [DE 84].

## II. DISCUSSION

Here, both briefs are relatively short and straightforward. In moving for summary judgment, Schrimsher asks the Court to grant summary judgment on Counts I and II as they relate to him in his individual capacity. [DE 81-1]. Specifically, Schrimsher argues that the counts must be dismissed because claims under Title IX cannot be brought against individual defendants. [*Id.* at 2]. Plaintiffs do not contest whether individual liability exists under Title IX, but rather, dispute whether any of their Title IX claims were against Schrimsher in his individual capacity to begin with. [DE 84 at 3]. Instead, however, Plaintiffs argue that the Title IX claims were brought against Schrimsher in his official capacity only. [*Id.* at 2-3]. The plain language of the Complaint, however, does not make this clear.

Accordingly, Count I of Plaintiffs' Complaint [DE 1], as it pertains to Schrimsher, in relevant part, provides the following:

> 167. K.G. was subjected to sexually explicit remarks by [Schrimsher] acting in his official capacity.
>
> 168. M.G. was subjected to sexually explicity remarks by [Schrimscher] acting in his official capacity.
>
> 169. K.G. was subjected to forced sexual touching by [Schrimsher] acting in his official capacity.
>
> 170. M.G. was subjected to forced sexual touching by [Schrimsher] acting in his official capacity.

4

>   . . .
>   Wherefore, Plaintiffs K.G. and M.G. by and through their parents and next friends Jane and John Doe hereby demand: (1) judgment in their favor and against all Defendants for violations of Title IX of the Education Amendments of 1972; . . . (3) entry of an order prohibiting Defendants from engaging in further unlawful contact with K.G. and M.G. . . .

[DE 1 at 26-28].

Similarly, Count II discusses the Board's alleged conduct throughout, and merely mentions Schrimsher three times, without indicating whether in his official or individual capacity. First, Count II mentions Schrimsher when referencing the Board's alleged failure to discipline him. [DE 1 at 29, ¶ 185]. Next, Plaintiff contends that Schrimsher telling K.G. to "be careful" was retaliatory in nature. [*Id.*, ¶ 188]. Finally, Plaintiff alleges "[t]he Board through its duly authorized agents had actual and/or constructive knowledge of the retaliatory conduct of [Schrimsher] yet acted, and continues to act, with deliberate indifference to the rights of Plaintiffs and others seeking protection of Title IX's provisions." [*Id.* at 29-30, ¶ 190]. Like Count I, Plaintiffs' Complaint ask for judgment on Count II "against all Defendants." Thus, while Plaintiffs may not have intended for Counts I and II to be alleged against Schrimsher in his individual capacity, it does not make it explicitly clear.

In any case, the debate is purely academic, as Title IX does not even allow for claims against those in their individual

5

capacities. Title IX provides in relevant part "No person…shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). Title IX is enforceable against school boards through a private right of action for which pecuniary damages are available. *K.D. v. Swafford*, 353 F. Supp.3d 606, 616 (E.D. Ky. 2018) (citing *Gebser v. Lago Vista Independent School Dist.*, 524 U.S. 274, 285 (1998)). However, as Schrimsher correctly points out, no individual liability exists under Title IX. *See Soper v. Hoben*, 195 F.3d 845, 854 (6th Cir. 1999) (finding that based on the fact that Title IX claims may only be brought against the funding recipient the district court "correctly dismissed" the Title IX claim against the individual defendants). Thus, this Court agrees with other district courts in the Sixth Circuit that have found no theory of liability generally exists against one in their individual capacity under Title IX. *See, e.g., Vinova v. Henry Co. Bd. of Educ.*, No. 2015 WL 7681246 (E.D. Ky. Nov. 24, 2015) (explaining that other federal courts within the Sixth Circuit agree that no individual liability exists under Title IX); *Condiff v. Hart Co. School Dist.*, 770 F. Supp.2d 876, 881 (W.D. Ky. 2011) (dismissing Title IX claim brought against superintendent in his individual capacity "because there is no individual liability for a Title IX claim" since such claims "may be brought only against

6

the funding recipient"); *Davis v. Flexman*, 109 F. Supp. 2d 776, 792-93 (S.D. Ohio 1999) (noting the Sixth Circuit's "strong skepticism regarding the existence of individual liability").

As such, even if the Court agrees with Plaintiffs that the claims could not be construed as being brought against Schrimsher in his individual capacity, the Complaint does not make that explicitly clear. Therefore, because Title IX does not allow such claims to be brought, the Court will grant summary judgment.

### III. CONCLUSION

Based on the foregoing, **IT IS ORDERED** as follows:

1) Defendant J. Cooper Schrimsher's Motion for Summary Judgment [DE 81] is **GRANTED**; and

2) Insofar as Counts I and II of Plaintiffs' Complaint can be construed as raising claims against Defendant J. Cooper Schrimsher in his individual capacity, such claims **SHALL** be **DISMISSED** as to Schrimsher, individually.

This the 30th day of July, 2021.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

7