UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| K.G., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 5: 18-555-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| WOODFORD COUNTY BOARD OF EDUCATION, | ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Woodford County Board of Education (the "Board") has filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, seeking dismissal of the plaintiffs' Title IX of the Education Amendments of 1972 ("Title IX") claim. [Record No. 138] It asserts that the plaintiffs' emotional distress damages are not recoverable due to the recent United States Supreme Court holding in *Cummings v. Premier Rehab Keller, P.L.L.C.*, 142 S. Ct. 1562 (2022). [*Id.*] Plaintiffs K.G. and M.G. argue that *Cummings* does not apply and "[s]tudents are entitled to damages in law and equity against the schools that accept federal financial assistance." [Record No. 144] Summary judgment will be granted in the Board's favor because emotional distress damages are not a redressable Title IX injury.

**I.**

Former Woodford County High School students, Plaintiffs K.G. and M.G., filed this action on October 2, 2018, claiming a choir teacher "engaged in prurient contact with K.G.

- 1 -

and M.G. both on and off-campus."[1]  [Record No. 1]  The plaintiffs allege that the Board had actual or constructive knowledge of the teacher's conduct, but it failed to act in a manner that guaranteed their safety and security.  [*Id.*].  All counts were dismissed on January 19, 2022, except the plaintiffs' Title IX claim against the Board.  [Record No. 107]

The Complaint alleges that "K.G. and M.G. have suffered and continue to suffer harm, including but not limited to humiliation, pain and suffering, reputational losses, absence from school and others."  [Record No. 1, p. 28]   The plaintiffs ask for the following relief:

> (1) judgment in their favor and against all Defendants for violations of Title IX of the Education Amendments of 1972; (2) entry of an order awarding all actual and compensatory losses; (3) entry of an order prohibiting Defendants from engaging in further unlawful contact with K.G. and M.G.; and entry of an award of Plaintiffs' reasonable attorneys' fees and costs.

[*Id.* at 28.]  The Board served the plaintiffs with the following interrogatories:

> With respect to any and all alleged injuries, mental or physical, sustained by [the plaintiff] in relation to the allegations of the Complaint, please state:
> a.      the name and address of each and every hospital, medical treatment center, or other treatment location; doctor, medical practitioner of any type, therapist of any type, or any other licensed individual, who admitted, examined, treated, diagnosed under the DSM-V, or otherwise diagnosed, or who has conferred with either [the plaintiff], or either Parent about such mental and/or physical condition;
> b.      the date of such admission, examination, treatment, diagnosis or conference, if any; and
> c.      a detailed description of any diagnosis or treatment rendered and by whom such treatment was rendered or continues to be rendered.

---

[1]      K.G. and M.G., who were minors at the time the Complaint was filed, bring this suit by and through their parents and next friends.

[Record Nos. 138-1, 138-2] The plaintiffs responded, listing three doctors who treated K.G. and M.G. for "anxiety, depression, diet, anger, fear, obsessive thoughts," and "stress." [Record Nos. 138-1, 138-2] The Board moved for summary judgment, arguing that the plaintiffs' claim should be dismissed because emotional distress damages are not recoverable under Title IX.

## II.

Summary judgment is appropriate when the moving party demonstrates that there is no genuine dispute regarding any material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). Once this showing is made, the burden shifts to the nonmovant. The nonmoving party may not simply rely on his pleadings but must "produce evidence that results in a conflict of material fact to be resolved by a jury." *Cox v. Ky. Dept. of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995). In other words, the nonmoving party must present "significant probative evidence that establishes more than some metaphysical doubt as to the material facts." *Golden v. Mirabile Invest. Corp.*, 724 F. App'x 441, 445 (6th Cir. 2018) (citation and alteration omitted).

The Court affords all reasonable inferences and construes the evidence in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, a dispute over a material fact is not "genuine" unless a reasonable jury could return a verdict for the nonmoving party. It is also noteworthy that the Court may not weigh the evidence or make credibility determinations but must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986); *see also Moran v. Al Basit LLC*, 788 F.3d 201, 204 (6th Cir. 2015). Finally, the existence of a scintilla of evidence favoring the nonmovant is not

sufficient to avoid summary judgment. *Anwar v. Dow Chem. Co.*, 876 F.3d 841, 851 (6th Cir. 2017) (citing *Anderson*, 477 U.S. at 252).

### III.

The United States Supreme Court decided *Cummings* on April 28, 2022, holding that plaintiffs cannot recover emotional distress damages under the Rehabilitation Act or the Affordable Care Act. 142 S. Ct. at 1576. Congress passed these statutes pursuant to its spending power, which allows it to "fix the terms on which it shall disburse federal money to the States." *Pennhurst State Sch. & Hosp. v. Halderman*, 451 U.S. 1, 17 (1981). "[L]egislation enacted pursuant to the spending power is much in the nature of a contract: in return for federal funds, the States agree to comply with federally imposed conditions." *Id.* "The legitimacy of Congress' power to legislate under the spending power thus rests on whether the State voluntarily and knowingly accepts the terms of the 'contract.'" *Id.* Therefore, Congress's conditions on federal money, if any, must be unambiguous. *Id.*

In *Cummings*, the Court stated that "we may presume that a funding recipient is aware that, for breaching its Spending Clause 'contract' with the Federal Government, it will be subject to the usual contract remedies in private suits." 142 S. Ct. at 1571 (citing *Barnes v. Gorman*, 536 U.S. 181, 187-88 (2002)). It pointed to an earlier decision in *Barnes* which held that "punitive damages are unavailable in private actions brought under these statutes" because punitive damages are not a traditional contract remedy. *Id.* at 1571. Likewise, "[i]t is hornbook law that 'emotional distress is generally not compensable in contract,' just as 'punitive damages . . . are generally not available for breach of contract.'" *Id.* (first quoting D. LAYCOCK & R. HASEN, MODERN AMERICAN REMEDIES 216 (5th ed. 2019); and then quoting *Barnes*, 536

U.S. at 187).  The Court held, therefore, that emotional distress damages are not recoverable under the Rehabilitation Act and the Affordable Care Act.  *Id.* at 1576.

The same logic applies to private actions brought under Title IX.  The Supreme Court has "repeatedly treated Title IX as legislation enacted pursuant to Congress' authority under the Spending Clause . . . ."  *Davis v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629, 640 (1999).[2]  Additionally, "Title IX contains no express private remedy, much less a more restrictive one."  *Fitzgerald v. Barnstable Sch. Comm.*, 555 U.S. 246, 247 (2009); *see also Barnes*, 536 U.S. at 187.  Thus, traditional contract remedies are available in private actions brought pursuant to Title IX, but emotional distress damages are not recoverable.

In the present case, the plaintiffs recite generalities without proffering a clear argument.  They appear to contend that they have a right to compensatory damages unrelated to emotional distress, but provide no evidence of injuries except "anxiety, depression, diet, anger, fear, obsessive thoughts," and "stress," which are emotional distress injuries.  *Cf. Thompson v. Office & Pro. Emp. Int'l Union*, 74 F.3d 1492, 1508 (6th Cir. 1996) ("Generally, this circuit allows damages for emotional distress to be awarded 'upon a showing of intimidation, marital problems, weight loss, loss of sleep, shock, or humiliation.'" (quoting *Holmes v. Donovan*, 984 F.2d 732, 739 (6th Cir. 1993))).  The plaintiffs also state that their "prayer for relief does not mention *injuries* whether *mental* or *physical*."  [Record No. 144, p. 3] Therefore, compensatory damages are inappropriate in this case because the only injuries that the plaintiffs have arguably alleged, if at all, are emotional in nature.  *See Pembaur v. City of Cincinnati*, 882

---

[2]  The Court has also applied contract-law principles to Title IX claims.  *See Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 287 (1998) ("Title IX's contractual nature has implications for our construction of the scope of available remedies."); *Barnes*, 536 U.S. at 187 (addressing Title IX).

F.2d 1101, 1104 (6th Cir. 1989) ("The purpose of compensatory damages is to compensate the injured party for the costs of the injury; thus, in the absence of an injury, compensatory damages are inappropriate.").

It is also unclear whether the plaintiffs argue, at this stage of the litigation, that they are entitled to nominal damages.[3] The few courts that have encountered similar arguments in the wake of *Cummings* do not appear to be uniform regarding this issue.[4] For example, in *Hejmej v. Peconic Bay Medical Center*, the issue was referred to a magistrate judge who recommended dismissal because the plaintiffs could not salvage their claim "merely by recasting their request for relief as seeking nominal damages." No. 17-cv-782, 2022 WL 5429675, at *8 (E.D.N.Y. July 5, 2022). The court stated that "the injuries at the heart of Plaintiffs' claims amount to non-compensable emotional distress. This Court will not – and frankly, cannot – permit an award of damages, regardless of amount, where doing so would directly contradict a Supreme Court ruling." *Id.* But the district judge disagreed and adopted "the reasoning set forth in *Fantasia v. Montefiore New Rochelle*, No. 19-CV-11054, 2022 U.S. Dist. LEXIS 107935, at

---

[3] Adding to the confusion, the plaintiffs also mention attorney's fees in their response which prompted the Board to argue, for the first time in its reply, that the plaintiffs cannot recover attorney's fees. This is a "belatedly-raised argument," *American Hotel Int'l Grp., Inc. v. OneBeacon Ins. Co.*, 611 F.Supp.2d 373, 375 (S.D.N.Y. 2009), neither party fully addresses the potential factors, and a ruling at this stage would be premature. *Cf. Farrar v. Hobby*, 506 U.S. 103, 114 (1992) ("[T]he most critical factor in determining the reasonableness of a fee award is the degree of success obtained."); *Glowacki v. Howell Pub. Sch. Dist.*, 566 F. App'x 451, 453-56 (6th Cir. 2014) (indicating in *dicta* that there is a three-factor test); *Pouillon v. Little*, 326 F.3d 713 (6th Cir. 2003).

[4] In *Cummings*, the plaintiff "sought declaratory relief, an injunction, and damages" but "[t]he District Court dismissed the complaint" because "the only compensable injuries that [the plaintiff] alleged [the defendant] caused were 'humiliation, frustration, and emotional distress.'" 142 S.Ct. at 1569 (quoting *Cummings v. Premier Rehab, P.L.L.C.*, No. 18-CV-649, 2019 WL 227411, at *4 (N. D. Tex. Jan. 16, 2019)). The Supreme Court, however, did not address the issue of whether Cummings should be awarded nominal damages.

\*11–12 (S.D.N.Y. June 16, 2022), and conclude[d] that Plaintiffs may seek nominal damages." No. 17-CV-782, 2022 WL 4551696, at \*1 (E.D.N.Y. Sept. 29, 2022). In *Fantasia*, the court properly stated that "nominal damages are a generally accepted remedy in contract actions" and then determined that the plaintiff's claims were "not moot in light of her *request* for nominal damages." No. 19 CV 11054, 2022 U.S. Dist. LEXIS 107935, at \*11-12 (S.D.N.Y. June 16, 2022) (emphasis added). But in *Doe v. City of Pawtucket*, the court concluded:

> Plaintiffs possess no claim for nominal damages even were they able to pursue it now. Nominal damages are intended to be a substitute for a lack of damages or damages that cannot be proven. RESTATEMENT (SECOND) OF CONTRACTS, *supra*, § 346(2). They are not a substitute for damages that might be proven but are otherwise unavailable. *Contra id.* § 346 cmt. b, illus. 1. Therefore, to the extent that Plaintiffs seek nominal damages for harm that is properly characterized as emotional distress, the Court rejects such a facial rebranding . . . .

No. 17-365, 2022 WL 4551953, at \*4 (D.R.I. Sept. 29, 2022).

Here, the complaint does not mention nominal damages, and even at the motion for summary judgment stage, it is unclear whether K.G. and M.G. request nominal damages or merely argue that all remedies should be available for "Title IX [v]ictims" in general. [*See* Record No. 144, pp. 3-6.] In this respect, the Court reminds counsel that skeletal and unsupported arguments are subject to waiver. *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997). "[S]uch presentations sap the time of judges, [force] parties with comprehensively briefed disputes to wait in a longer queue and [condemn] them to receive less judicial attention when their cases finally are heard." *Kyles v. J.K. Guardian Sec. Servs.*, 236 F.R.D. 400, 402 (N.D. Ill. 2006). "[I]t is not a judge's responsibility to research and construct the parties' arguments," and "putting [this] onus on the court is a risky business." *Id.* Here, it

is questionable whether plaintiffs have preserved a nominal damages argument, but in either case, the only harm alleged by the plaintiffs are emotional in nature. "Emotional harm standing alone is not a redressable Title IX injury." *Kollaritsch v. Michigan State Univ. Bd. of Tr.*, 944 F.3d 613, 622 (6th Cir. 2019).

## IV.

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** as follows:

1. The defendant's motion for summary judgment [Record No. 138] is **GRANTED** and this action is **DISMISSED** and **STRICKEN** from the docket.

2. The parties' motions in limine [Record Nos. 121, 124] are **DENIED** as moot.

3. The pretrial conference, previously scheduled for March 10, 2023, and the trial, previously scheduled to begin April 10, 2023, are **CANCELED**. The parties are relieved of submitting pretrial filings.

Dated: December 29, 2022.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky